UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JASON URENA,

        Plaintiff,

-against-

THE CITY OF NEW YORK,
P.O. ERIC SOSINSKI (TAX REGISTRY #939504) and
P.O. ANGELO PAMPENA TAX REGISTRY #944874),

        Defendants.
-------------------------------------------------------------X

COMPLAINT
(Jury Trial Demanded)

10-CV-

MATSUMOTO, J.

J. ORENSTEIN, M.J.




Plaintiff Jason Urena, by his attorneys, CASCIONE, PURCIGLIOTTI & GALLUZZI, P.C., complaining of the Defendants, respectfully alleges, as follows:

### PRELIMINARY STATEMENT

1. This is an action to recover compensatory damages, punitive damages and attorneys' fees arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. §1983, §1985 and §1988, and of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.

2. On May 24, 2009, at approximately 3:30AM, two members of the Police Department of the City of New York, P.O. Eric Sosinski (Tax Registry #939504) and P.O. Angelo Pampena (Tax Registry #944874), both of the 115th Precinct, acting under color of state law, arrested plaintiff Jason Urena without probable cause and subjected him to excessive force during the course of his arrest. Defendants deprived plaintiff of his constitutional and common law rights when they caused the unjustifiable arrest and malicious prosecution of plaintiff, unlawfully confined plaintiff, and subjected plaintiff to excessive force.

3. Plaintiff seeks monetary damages (compensatory and punitive) against defendants, as well as an award of costs and attorneys' fees (pursuant to 42 U.S.C. §1988), and for such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4. Jurisdiction is founded upon the existence of a federal question.

5. Pursuant to 28 U.S.C. §§1331 and 1343, jurisdiction is proper as plaintiff's claims arise under federal law. Pursuant to 28 U.S.C.§1367, jurisdiction is proper as to the claims of plaintiff arising under the common law of the State of New York.

6. Pursuant to 28 U.S.C. §1391(b), venue is proper as the acts complained of occurred in the State of New York, County of New York.

7. That an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

## PARTIES

8. Mr. Urena is a citizen of the United States. He resides in the State of New York, County of Queens.

9. Defendant City of New York is a municipal corporation organized pursuant to the laws of the State of New York. It has all the powers vested in it by the laws of the State of New York, the City of New York and the Charter of the City of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumed the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department. At all times relevant herein, it was the employer of defendant P.O.

2

Sosinski and defendant P.O. Pampena.

10. Defendant P.O. Sosinski and defendant P.O. Pampena, were, at all times relevant herein, members of the Police Department of the City of New York. Upon information and belief, at all times relevant herein, they were both assigned to the 115th Precinct. The individual defendants are being sued in their individual and official capacities.

11. Upon information and belief, P.O. Sosinski and P.O. Pampena are still members of the NYPD. At all relevant times herein, they were acting within the scope of their employment and under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.

12. Defendant P.O. Sosinski and defendant P.O. Pampena were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

## ADMINISTRATIVE PREREQUISITES

13. On July 24, 2009, Mr. Urena filed a timely Notice of Claim with defendant City of New York in the Office of the City Comptroller, in accordance with the General Municipal Law. On December 14, 2009, a Supplemental Notice of Claim was duly filed with defendant City of New York in the Office of the City Comptroller, in accordance with the General Municipal Law.

14. At least 30 days have elapsed since plaintiff filed the aforesaid Notice of Claim and adjustment or payment thereof has been neglected or refused. This action is commenced within one year and ninety days from the date of the occurrences alleged herein, as required under Section 50-i of the General Municipal Law.

15. On December 14, 2009, Mr. Urena presented himself for an examination pursuant to General Municipal Law §50-h.

## FACTS UNDERLYING THE COMPLAINT

16. At approximately 3:30am on May 24, 2009, Mr. Urena was lawfully on or about the premises of 106-01 37th Avenue, Queens, New York 11368, where he resides, in the County of Queens, and the City and State of New York.

17. At approximately 3:30am on May 24, 2009, defendant P.O. Sosinski and defendant P.O. Pampena, members of the Police Department of the City of New York, were present and on duty at 106-01 37th Avenue, Queens, New York 11368, where plaintiff resides, in the County of Queens, and the City and State of New York.

18. At the aforementioned time, plaintiff Jason Urena was on the premises, where he resides. Earlier in the evening there was a party at a neighbor's apartment. Another individual at the party purportedly called the police to report a disturbance. Defendant P.O. Sosinski and defendant P.O. Pampena responded. At that time, the party had already ended and the plaintiff was returning to his apartment. A uniformed member of the NYPD (defendant P.O. Pampena) approached the plaintiff as he was entering his apartment, then entered behind him into plaintiff's apartment. P.O. Pampena asked plaintiff what had happened at the party, and after plaintiff responded he asked P.O. Pampena why he had entered

4

plaintiff's apartment without his permission. Defendant P.O. Pampena became angry and responded that plaintiff shouldn't tell him how to do his job. P.O. Pampena then walked out of plaintiff's apartment and asked plaintiff to come outside. Plaintiff complied and at that point defendant P.O. Pampena pushed plaintiff toward a railing in front of the building. Plaintiff held on to the railing for balance and defendant P.O. Pampena struck plaintiff's left hand repeatedly with his nightstick, fracturing plaintiff's hand. Plaintiff was then handcuffed and defendant P.O. Pampena struck plaintiff's right leg with a nightstick, causing his knees to buckle. Plaintiff was pushed down, causing his lower back to hit the concrete floor.

19. On the aforementioned date at the aforementioned time, plaintiff Jason Urena was caused to be physically detained, assaulted, beaten, battered, verbally abused and falsely arrested by defendants P.O. Sosinski and P.O. Pampena, while defendants were acting in the scope of their employment by the defendant City of New York.

20. Plaintiff was thereafter removed to the 115th Precinct, where he was falsely charged with Assault (Third Degree), Resisting Arrest and Harrassment (Second Degree)

21. From May 24, 2009 until November 20, 2009, Defendants deliberately and maliciously prosecuted plaintiff, an innocent man, without any probable cause whatsoever, by filing or causing to be filed a Criminal Complaint, alleging violations of Penal Law §120.00-1, §205.30 and §240.26-1., for the purpose of falsely accusing the plaintiff of violations of the Penal Law of the State of New York and of concealing their misconduct.

22. On November 20, 2009, in Part AP-4 of the Criminal Court of the City of New York, Queens County, all charges against plaintiff Jason Urena were dismissed.

23. The assault on plaintiff as described above, by defendant P.O. Sosinski and defendant P.O. Pampena, was far in excess of their rightful authority as New York City police officers. The assault on plaintiff was made without any cause.

24. The assault, battery, false imprisonment, malicious prosecution, and false arrest upon plaintiff by defendants caused plaintiff to sustain pain and suffering and psychological and emotional trauma and deprived plaintiff of his constitutional rights.

## FIRST CAUSE OF ACTION
(42 U.S.C. §1983 – Excessive Force)

25. Plaintiff Jason Urena repeats and realleges the allegations contained in paragraphs 1 through 24, as if fully set forth herein.

26. On May 24, 2009, the individual defendants P.O. Sosinski and P.O. Pampena were involved in the arrest of Mr. Urena. In effectuating his unlawful arrest, they used more force than was necessary.

27. As the behavior of Mr. Urena provided no justification for defendant P.O. Sosinski's and defendant P.O. Pampena's conduct, the defendants' actions were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

28. As a result of defendants' conduct, Mr. Urena suffered physical and psychological injury, and continues to suffer physical and psychological injury.

## SECOND CAUSE OF ACTION
(State Law – Assault and Battery)

29. Plaintiff Jason Urena repeats and realleges the allegations contained in paragraphs 1 through 28, as if fully set forth herein.

30. On May 24, 2009, the individual defendants, P.O. Sosinski and P.O. Pampena, were

6

involved in the arrest of Mr. Urena. In effectuating his arrest, they used more force than was necessary

31. While using the force described above, the individual defendants touched Mr. Urena in a harmful and offensive manner.

32. Prior to being physically assaulted, defendants P.O. Sosinski and P.O. Pampena placed Mr. Urena in imminent fear of a harmful or offensive contact.

33. Mr. Urena did not consent or authorize the individual defendants P.O. Sosinski and P.O. Pampena to touch him.

34. As a result of the conduct of the individual defendants, Mr. Urena suffered, and continues to suffer, from physical and psychological harm.

35. As the employer of the individual defendants, defendant City is responsible for the injuries that plaintiff suffered, and continues to suffer, as a result of P.O. Sosinski's and P.O. Pampena's conduct pursuant to the doctrine of *respondeat superior*.

### THIRD CAUSE OF ACTION
(42 U.S.C. §1983 – False Arrest)

36. Plaintiff Jason Urena repeats and realleges the allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37. On May 24, 2009, defendant P.O. Sosinski and defendant P.O. Pampena arrested Mr. Urena.

38. Defendant P.O. Sosinski and defendant P.O. Pampena did not have probable cause to believe that Mr. Urena had committed any crime. Put simply, he did not engage in any conduct that warranted his arrest and detention.

39. The false arrest and wrongful detention of the plaintiff by the defendants was intentional.

7

Further, the arrest of Jason Urena happened at the site of plaintiff's residence and as a result, plaintiff suffered shame, humiliation and injury to his reputation.

40. As a result of defendant P.O. Sosinski's and defendant P.O. Pampena's conduct, Mr. Urena was detained, and at all times knew he was detained. Mr. Urena did not consent to his confinement.

41. Because defendant P.O. Sosinski and defendant P.O. Pampena did not have probable cause to believe that Mr. Urena had committed a crime, his arrest was unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

42. As a result of defendants' conduct, Mr. Urena suffered physical and psychological injury, and continues to suffer physical and psychological injury

### FOURTH CAUSE OF ACTION
(State Law – False Arrest)

43. Plaintiff Jason Urena repeats and realleges the allegations contained in paragraphs 1 through 42, as if fully set forth herein.

44. On May 24, 2009, defendant P.O. Sosinski and defendant P.O. Pampena arrested Mr. Urena.

45. Defendant P.O. Sosinski and defendant P.O. Pampena did not have probable cause to believe that Mr. Urena had committed any crime. Put simply, he did not engage in any conduct that warranted his arrest and detention.

46. The false arrest and wrongful detention of the plaintiff by the defendants was intentional. Further, the arrest of Jason Urena happened at the site of plaintiff's residence and as a result, plaintiff suffered shame, humiliation and injury to his reputation.

47. As a result of defendant P.O. Sosinski's and defendant P.O. Pampena's conduct, Mr.

Urena was detained, and at all times knew he was detained. Mr. Urena did not consent to his confinement.

48. Because defendant P.O. Sosinski and defendant P.O. Pampena did not have probable cause to believe that Mr. Urena had committed a crime, his arrest was neither privileged nor justified.

49. As a result of his arrest by defendant P.O. Sosinski and defendant P.O. Pampena, Mr. Urena has suffered physical and psychological injuries, and continues to suffer physical and psychological harm.

50. As the employer of defendant P.O. Sosinski and defendant P.O. Pampena, defendant City of New York is responsible for the injuries Mr. Urena suffered, and continues to suffer, as a result of the police officer defendants' conduct pursuant to the doctrine of *respondeat superior*.

### FIFTH CAUSE OF ACTION
(State Law – Negligent Hiring, Retention, Training and Supervision)

51. Plaintiff Jason Urena repeats and realleges the allegations contained in paragraphs 1 through 50, as if fully set forth herein.

52. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise defendant P.O. Sosinski and defendant P.O. Pampena, who were unfit for the performance of police duties on May 24, 2009, at the aforementioned location.

### SIXTH CAUSE OF ACTION
(State Law – Malicious Prosecution)

53. Plaintiff Jason Urena repeats and realleges the allegations contained in paragraphs 1

9

through 52, as if fully set forth herein.

54. The acts and conduct of defendants constitute malicious prosecution under the laws of the State of New York. Upon the Criminal Complaint of defendant P.O. Sosinski, Defendants commenced and continued a criminal prosecution in the Criminal Court of the City of New York, Queens County against plaintiff. There was actual malice and an absence of probable cause for the criminal proceeding. In addition, the proceeding terminated favorably for plaintiff when on November 20, 2009, all of the false charges against plaintiff were dismissed by the Criminal Court of the City of New York, Queens County in Part AP-4.

55. As a result of the conduct of the defendants, Mr. Urena suffered, and continues to suffer, from physical and psychological harm.

56. Defendant P.O. Sosinski and defendant P.O. Pampena were at all times agents, servants and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct pursuant to the doctrine of *respondeat superior*.

SEVENTH CAUSE OF ACTION
(42 U.S.C. §1983, §1985)

57. Plaintiff Jason Urena repeats and realleges the allegations contained in paragraphs 1 through 56, as if fully set forth herein.

58. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §1983 and §1985.

59. The arrest and detention of the Plaintiff Jason Urena, by Defendant P.O. Sosinski and

10

defendant P.O. Pampena, and the agents and employees of defendant City Of New York were in furtherance of a plan and was occasioned by his protected speech, race, appearance and national origin rather than by any objective law enforcement criteria. Having seriously injured the plaintiff while effecting an unlawful arrest, the individual defendants conspired in bringing a false prosecution in order to conceal their misconduct.

60. Defendants' conduct deprived plaintiff of his rights pursuant to the First, Fourth and Fourteenth Amendments of the United States Constitution. Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

61. As a result of the conduct of the defendants, Mr. Urena suffered, and continues to suffer, from physical and psychological harm.

### EIGHTH CAUSE OF ACTION
(42 U.S.C. §1983 - Wrongful Imprisonment)

62. Plaintiff Jason Urena repeats and realleges the allegations contained in paragraphs 1 through 61, as if fully set forth herein.

63. The acts and conduct of defendants constitute wrongful imprisonment under 42 U.S.C. § 1983.

64. On May 24, 2009, defendant P.O. Sosinski and defendant P.O. Pampena arrested plaintiff Jason Urena and took him to the 115th Precinct, and thereafter to Central Booking. He was held for approximately seventeen hours against his will before he was released.

65. Defendants subjected plaintiff to wrongful imprisonment and deprivation of liberty without probable cause.

66. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have

11

conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §1983.

67. As a result of the conduct of the defendants, Mr. Urena suffered, and continues to suffer, from physical and psychological harm.

### NINTH CAUSE OF ACTION
(State Law - Wrongful Imprisonment)

68. Plaintiff Jason Urena repeats and realleges the allegations contained in paragraphs 1 through 67, as if fully set forth herein.

69. The acts and conduct of defendants constitute wrongful imprisonment under the laws of the State of New York.

70. On May 24, 2009, defendant P.O. Sosinski and defendant P.O. Pampena arrested plaintiff Jason Urena and took him to the 115th Precinct, and thereafter to Central Booking. He was held for a total of approximately seventeen hours against his will before he was released.

71. Defendants subjected plaintiff to wrongful imprisonment and deprivation of liberty without probable cause.

72. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §1983 and the New York State Constitution.

73. As a result of the conduct of the defendants, Mr. Urena suffered, and continues to suffer, from physical and psychological harm.

74. As the employer of the individual defendants, defendant City is responsible for the injuries that plaintiff suffered, and continues to suffer, as a result of P.O. Sosinski and P.O. Pampena's conduct pursuant to the doctrine of *respondeat superior*.

12

## JURY DEMAND

75. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

(a) compensatory damages in an amount to be determined at trial

(b) punitive damages in an amount to be determined at trial;

(c) reasonable attorneys' fees;

(d) costs and expenses; and

(e) such other and further relief as is just and proper.

Dated:   New York, New York
         June 23, 2010

Thomas G. Cascione, Esq. (TC-4596)
CASCIONE, PURCIGLIOTTI &
GALLUZZI, P.C.
20 Vesey Street, Suite 1100
New York, New York 10007
(212) 964-9640

13